TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00642-CV






A & A Insulation-Contractors, Appellant



v.



Professional Service Industries, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-05364-A, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING 






PER CURIAM


 Appellant A&A Insulation-Contractors, appeals from a summary judgment granted in favor
of Professional Service Industries, Inc. ("Professional Service") on the basis of limitations. By three points
of error, A&A complains that the trial court erred as a matter of law by granting the summary judgment
based upon limitations. We will affirm the trial court's summary judgment.


Background


 A&A entered into two contracts dealing with "asbestos abatement" with the General
Services Commission ("Commission") for the State of Texas. By the first contract, dated August 28, 1991,
A&A agreed to remove asbestos from areas on the ground and first floor of the Lyndon B. Johnson State
Office Building Annex. By the second contract, dated August 27, 1992, A&A agreed to remove asbestos
from areas on the ground, first, and fifth floors of the Lyndon B. Johnson State Office Building. The
Commission contracted with Professional Service to provide certain services for the two contracts including
monitoring and testing the air in the areas where A&A was working to determine if all the asbestos had
been removed.

 In the fall of 1992, A&A failed several clearance tests performed by Professional Service
and had to reclean and re-encapsulate areas of removal work they had previously performed. In
December 1992, A&A determined that they could not clear asbestos from their areas of the annex because
asbestos was floating into these areas from a mechanical room located on the same floor. Later, while
working on the office building project, A&A discovered another mechanical room that contained asbestos. 
Neither mechanical room was included in the A&A contracts. A&A notified the Commission and
Professional Service, by letter of December 11, 1992, regarding work they were performing in the LBJ
Annex:


It has been conclusively proved there is currently friable asbestos contaminated materials
present in the Mechanical room, materials to our understanding was to have been
previously abated in a previous contract with another contractor. Due to the fact that this
information was determined only days ago A&A Insulation has concluded the reason for
failure of initial and all subsequent clearance TEM's on the ground floor, was due to the
presence of friable unabated asbestos contaminated materials in the mechanical room. This
matter is of serious concern and must be addressed immediately for several reasons.


1. Significant costs involved each time this area failed to clear the required TEM due to
asbestos fibers present.


2. The exposure of those entering and exiting the mechanical room unprotected.


3. The damage to our reputation.


4. The possible contamination of exposed items in the mechanical room.


5. Possible contamination of our clean area prior to the fact of friable asbestos
contamination materials being identified.


. . . 


If we are expected to pass an aggressive TEM clearance sample on this floor, all asbestos
should have been required to be abated in this area as we were required to build one
containment.


The presence of undetected friable ACM in this area would not allow for clearance and
would allow for possible recontamination of clean areas. . . . 


We have communicated to PSI, that we will not agree to any further attempts for clearance
as it will be impossible with the presence of friable asbestos materials, and that the initial
TEM clearance should not have been taken with these materials present. It is not our job
to remove it in accordance with its location documented in the specifications and drawings. 
It is however my understanding this friable ACM was unknown to still exist as it was
thought to have been previously abated by another contractor.


For these reasons Mr. Au, I am sure you can see the magnitude of this problem and the
reason for our direct communication and a request for immediate response.


This letter does not detail all facts or possible problems which exist in the mechanical
rooms. . . . 



 On June 25,1993, the Commission notified A&A that they were not in compliance with
their LBJ office building contract for the ground, first, and fifth floors and unless the problems were rectified,
the contract would be terminated. On July 12, 1993, the Commission notified A&A that the asbestos
removal contract for the ground, first, and fifth floors of the LBJ State Office Building was terminated. On
October 1, 1993, the Commission notified A&A by letter that it had reconsidered the termination of the
office building contract and was upholding that decision. On February 22, 1994, the Commission notified
A&A that it was also terminating the annex contract. A&A filed suit against the Commission in 1993 for
breach of contract and judicial review of an administrative action. A&A filed a second suit against the
Commission in 1994 for breach of both contracts and judicial review of an administrative action. The two
causes were consolidated on June 22, 1994. (1)

 A&A filed its first amended petition June 30, 1995, and, for the first time, named
Professional Service as a defendant. A&A claimed that


[d]uring its work on the contracts, [A&A's] employees discovered exposed, friable
asbestos in two mechanical rooms, one of which was located near the office of the
Comptroller of Public Accounts, John Sharp, in the Lyndon B. Johnson State Office
Building, and [A&A] thereupon so advised [Professional Service], which was the engineer
and supervisor on the contracts. This mechanical room was supposed to have been
"cleared" approximately two (2) years before by [Professional Service]. However, the
mechanical room at the time [A&A] began its work, could not have passed inspection or
testing for the presence of asbestos.



First Motion for Summary Judgment


 On September 20, 1995, Professional Service filed its motion for summary judgment
contending that A&A failed to bring their claims against Professional Service within the applicable two-year
statute of limitations period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 1997). 
By its motion, Professional Service contended that A&A's negligence causes of action accrued when facts
came into existence giving rise to the causes of action. Professional Service contended that, as evidenced
by A&A's letter of December 11, 1992, to the Commission and Professional Service, the facts relied upon
by A&A came into existence on or before the date of the letter. Therefore, Professional Service
contended, A&A certainly had discovered their injury by December 11, 1992.

 A&A responded that the December 11 letter stated that A&A did not know who was
responsible for clearing asbestos from the mechanical rooms. (2) A&A stated that it was only later it became
aware that Professional Service was the contractor responsible for clearing asbestos from the mechanical
rooms. A&A suggested that the determination date for the commencement of the statute of limitations
period should not be based upon the date the asbestos in the mechanical room manifested itself to A&A. 
A&A contended that there was discussion about bringing Professional Service into the lawsuit in 1994 but
the idea was dropped because A&A and Professional Service were attempting mediation. A&A argued
that the statute of limitations should not bar their claims against Professional Service because Professional
Service, had by letter of December 2, 1994, suggested to A&A that it not file suit because Professional
Service was interested in pursuing mediation before litigation.

 The trial court determined that a factual issue existed about whether Professional Service
may be estopped to interpose the limitations bar based upon its words or conduct regarding mediation that
may have induced A&A not to file the lawsuit within the limitations period. Initially, the trial court denied
the motion for summary judgment and discovery continued in the case.


Second Motion for Summary Judgment


 On March 11, 1996, Professional Service filed a supplemental motion for summary
judgment and motion for rehearing. Professional Service contended that it had discovered evidence that
conclusively showed that no factual issue existed and that A&A's claims were barred by the statute of
limitations. Professional Service's summary judgment proof showed that mediation ended officially on April
19, 1995, when A&A's counsel wrote to Professional Service and stated that A&A would decline
Professional Service's settlement offer and pursue litigation. Professional Service contends that A&A's
statute of limitations, if tolled during mediation discussions, would have begun to run again on April 19,
1995, and then would have ended on April 30, 1995. A&A did not include Professional Service as a
defendant until June 1995. Based upon Professional Service's second motion for summary judgment, the
trial court granted the motion for summary judgment concluding that A&A's claims against Professional
Service were barred by the statute of limitations.


Points of Error


 The parties agree that the applicable statute of limitations is two years. Tex. Civ. Prac. &
Rem. Code Ann. § 16.003(a) (West Supp. 1997). By point of error one, A&A contends that the trial
court erred by concluding that the statute of limitations expired before it filed suit against Professional
Service. A&A contends that their cause of action did not accrue until July 12, 1993, the date the
Commission terminated the annex contract rather than when A&A first notified the Commission and
Professional Service that it suffered damages as a result of asbestos being left in the mechanical rooms by
a previous contractor. Alternatively, A&A contends that the statute of limitations did not begin to run until
A&A exhausted its administrative remedies on April 8, 1994.

 To obtain summary judgment, the movant must establish that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of law. City of Houston v. Clear Creek
Basin Auth.,589 S.W.2d 671, 678 (Tex. 1979); Tex. R. Civ. P. 166a(c). When a cause of action accrues
is ordinarily a question of law for the court. Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988). An
appellate court reviews a trial court's conclusion of law de novo. Barber v. Colorado Indep. Sch. Dist.,
901 S.W.2d 447, 450 (Tex. 1995). A conclusion of law will not be reversed unless it is erroneous as a
matter of law. Westech Eng'g, Inc. v. Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex.
App.--Austin 1992, no writ).

 A person must bring a suit for personal injury not later than two years after the day the
cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 1997). A cause
of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered
until later, and even if all resulting damages have not yet occurred. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex.
1996) (citing Trinity River Auth. v. URS Consultants, Inc., 889 S.W.2d 259, 262 (Tex. 1994)). Only
when the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively
verifiable have courts applied the discovery rule. Computer Assocs. Int'l v. Altai, 918 S.W.2d 453, 456
(Tex. 1994). In those instances, courts have applied the discovery rule and held that a cause of action does
not accrue until the plaintiff knew or in the exercise of reasonable diligence should have known of the
wrongful act and resulting injury. S.V., 933 S.W.2d at 4; Computer Assocs. Int'l Inc. v. Altai, 918
S.W.2d 453, 455 (Tex. 1994).

 The requirement of inherent undiscoverablility recognizes that the discovery rule exception
should be permitted only in circumstances where "it is difficult for the injured party to learn of the negligent
act or omission." Altai, 918 S.W.2d at 456 (quoting Willis v. Maverick, 760 S.W.2d 642, 645 (Tex.
1988)). When the discovery rule applies to a cause of action, a defendant seeking summary judgment on
the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by
proving as a matter of law that no genuine issue of fact exists as to when the plaintiff discovered or should
have discovered the nature of the injury. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex.1990); Woods
v. Mercer, 769 S.W.2d 515, 518 n. 2 (Tex.1988); Weaver v. Witt, 561 S.W.2d 792 (Tex.1977).

 Here, by the December 11, 1992 letter, A&A stated that the asbestos was not cleared out
of the annex mechanical room by another contractor before A&A entered the contracts with the
Commission. As evidenced by the letter, A&A was injured at some undetermined point even before it sent
the letter to Professional Service and the Commission. A&A certainly knew it was injured to some extent
by asbestos in a mechanical room in the annex when it sent the letter on December 11, 1992, to the
Commission and Professional Service. Additionally, the presence of asbestos in the office building
mechanical room was not inherently undiscoverable. It is immaterial to the commencement of the statute
of limitations whether A&A knew the exact cause in fact, or the specific parties responsible, for the
presence of asbestos in the mechanical rooms. See Russell, 841 S.W.2d at 344.

 If we assume that the statute of limitations began running on December 11, 1992, the two-year limitations period would have expired December 11, 1994. Even if we assume that Professional
Service's actions in suggesting mediation on December 2, 1994, (eleven days before the statute of
limitations would have expired) and participating in mediation are deemed to toll limitations, the tolling
ended on April 19, 1995, when A&A by letter to Professional Service declined to accept settlement and
chose to pursue litigation. With that assumption, the statute of limitations would then have expired on April
30, 1995. A&A did not file suit until June 30, 1995 well beyond the limitations period with or without any
tolling period. We overrule point of error one.

 By point of error three, A&A contends that the statute of limitations should be tolled until
A&A exhausted all of its administrative remedies, April 8, 1994. At any point in time, A&A could have
joined Professional Service as a defendant. A&A's need to exhaust administrative remedies did not
prevent A&A from bringing its suit against the Commission. We note the affidavit of A&A's Chief
Financial Officer, Larsee Cunningham, states that A&A's own records reflect that as of July 8 or 9 of
1994, they had information that Professional Service was the previous contractor responsible for failing to
clear asbestos from the mechanical rooms. Appellant has cited us to no authority to support the proposition
that the statute of limitations should be tolled until A&A exhausted its administrative remedies. We overrule
point of error three.

 By point of error two, A&A contends that the trial court erred in granting summary
judgment in favor of Professional Service regarding both contracts because Professional Service only
alleged facts regarding one contract. A party may not be granted summary judgment on a cause of action
not addressed in a motion for summary judgment proceeding. Chessher v. Southwestern Bell Tel. Co.,
658 S.W.2d 563, 564 (Tex. 1983). When a defendant moves for summary judgment on only one of
several causes of action, the trial court may only grant summary judgment on that one cause of action. Id. 
An appellate court may not affirm a summary judgment on a ground not specifically presented in the
summary judgment motion. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992). 

 Professional Service sought the summary judgment "as to all the claims of Plaintiff, A&A."
Additionally, Professional Service stated that "[f]or purposes of this motion only, all facts alleged by Plaintiff
A&A are assumed to be true." The summary judgment evidence presented indicates that both contracts
were being considered for mediation. A&A did not segregate its negligence claims into two separate
causes of action with each applying separately to each of the two contracts. We conclude that A&A
brought its negligence claims pursuant to both contracts and Professional Service's motion for summary
judgment applied to both contracts. The summary judgment disposed of all aspects of A&A's negligence
causes of action against Professional Service. We overrule point of error two.

 We affirm the trial court's judgment.


Before Justices Powers, Jones and Kidd; Justice Powers Not Participating

Affirmed

Filed: May 15, 1997

Do Not Publish

1.   Only the motion to consolidate and the resulting consolidation order appear in the record before us. 
The record does not reveal the specifics of A&A's causes of action against the Commission.
2.   The letter simply refers to an unidentified "other contractor" not that this other contractor was not
subject to being identified.


88); Weaver v. Witt, 561 S.W.2d 792 (Tex.1977).

 Here, by the December 11, 1992 letter, A&A stated that the asbestos was not cleared out
of the annex mechanical room by another contractor before A&A entered the contracts with the
Commission. As evidenced by the letter, A&A was injured at some undetermined point even before it sent
the letter to Professional Service and the Commission. A&A certainly knew it was injured to some extent
by asbestos in a mechanical room in the annex when it sent the letter on December 11, 1992, to the
Commission and Professional Service. Additionally, the presence of asbestos in the office building
mechanical room was not inherently undiscoverable. It is immaterial to the commencement of the statute
of limitations whether A&A knew the exact cause in fact, or the specific parties responsible, for the
presence of asbestos in the mechanical rooms. See Russell, 841 S.W.2d at 344.

 If we assume that the statute of limitations began running on December 11, 1992, the two-year limitations period would have expired December 11, 1994. Even if we assume that Professional
Service's actions in suggesting mediation on December 2, 1994, (eleven days before the statute of
limitations would have expired) and participating in mediation are deemed to toll limitations, the tolling
ended on April 19, 1995, when A&A by letter to Professional Service declined to accept settlement and
chose to pursue litigation. With that assumption, the statute of limitations would then have expired on April
30, 1995. A&A did not file suit until June 30, 1995 well beyond the limitations period with or without any
tolling period. We overrule point of error one.

 By point of error three, A&A contends that the statute of limitations should be tolled until
A&A exhausted all of its administrative remedies, April 8, 1994. At any point in time, A&A could have
joined Professional Service as a defendant. A&A's need to exhaust administrative remedies did not
prevent A&A from bringing its suit against the Commission. We note the affidavit of A&A's Chief
Financial Officer, Larsee Cunningham, states that A&A's own records reflect that as of July 8 or 9 of
1994, they had information that Professional Service was the previous contractor responsible for failing to
clear asbestos from the mechanical rooms. Appellant has cited us to no authority to support the proposition
that the statute of limitations should be tolled until A&A exhausted its administrative remedies. We overrule
point of error three.

 By point of error two, A&A contends that the trial court erred in granting summary
judgment in favor of Professional Service regarding both contracts because Professional Service only
alleged facts regarding one contract. A party may not be granted summary judgment on a cause of action
not addressed in a motion for summary judgment proceeding. Chessher v. Southwestern Bell Tel. Co.,
658 S.W.2d 563, 564 (Tex. 1983). When a defendant moves for summary judgment on only one of
several causes of action, the trial court may only grant summary judgment on that one cause of action. Id. 
An appellate court may not affirm a summary judgment on a ground not specifically presented in the
summary judgment motion. Travis v. City of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992). 

 Professional Service sought the summary judgment "as to all the claims of Plaintiff, A&A."
Additionally, Professional Service stated that "[f]or purposes of this motion only, all facts alleged by Plaintiff
A&A are assumed to be true." The summary judgment evidence presented indicates that both contracts
were being considered for mediation. A&A did not segregate its negligence claims into two separate
causes of action with each applying separately to each of the two contracts. We conclude that A&A
brought its negligence claims pursuant to both contracts and Professional Service's motion for summary
judgment applied to both contracts. The summary judgment disposed of all aspects of A&A's negligence
causes of action against Professional Service. We overrule point of error two.

 We affirm the trial court's judgment.


Before Justices Powers, Jones and Kidd; Justice Powers Not Participating

Affirmed

Filed: May 15, 1997

Do Not Publish

1.   Only the motion to consolidate and the resulting consolidation order appear in the record before us.